IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MISTY BARTOLOTTI, | ) | CIVIL NO. 14-00549 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS |
| vs. | ) | |
| | ) | |
| MAUI MEMORIAL MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO DISMISS**

**I.      INTRODUCTION.**

Defendant Maui Memorial Medical Center ("Maui Memorial"), a facility within the Hawaii Health Systems Corporation ("HHSC"), moves to dismiss Plaintiff Misty Bartolotti's Complaint for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. Bartolotti is proceeding pro se. The court grants the motion on jurisdictional grounds, and dismisses Bartolotti's Complaint.

**II.     BACKGROUND.**

Although Bartolotti has sued Maui Memorial, Maui Memorial is not a legal entity subject to suit. See ECF No. 19, PageID # 58 n.1; ECF No. 19-1, PageID # 60. At the time the state legislature established HHSC in 1996, Hawaii's community hospital system was the fifth largest public hospital system in the nation. See Act of June 19, 1996, sec. 1, 1996 Haw. Laws 262 (establishing HHSC). By creating HHSC, the legislature sought to

consolidate public medical facilities under a single state agency that would provide quality healthcare for the state's residents. See id. HHSC is divided into five regional systems, each containing one or more medical facilities. See Haw. Rev. Stat. § 323F-2. Maui Memorial is a medical facility that is part of the HHSC system. Bartolotti's claims relating to conduct at Maui Memorial are more properly asserted against HHSC, and the court therefore refers in this order to HHSC as Defendant.

Bartolotti was an HHSC employee at Maui Memorial until she was terminated on May 16, 2014. See ECF No. 1, PageID # 3; ECF No. 27, PageID # 103.

According to Bartolotti, in January 2014, while still employed by HHSC, she left work early after experiencing what she says was excruciating pain that affected her ability to walk. See id. She alleges that when she returned to work several days later with doctor-ordered restrictions, she was treated in a hostile manner and was told that HHSC had no light duty work for her. See id. She was allegedly told not to return to work until she could work without restrictions. See id.

On February 3, 2014, Bartolotti returned to work without restrictions. See id. Bartolotti alleges that, soon after her return, she met with her supervisors to go over her three-month evaluation, even though her evaluation was not due for another five weeks. See id. Bartolotti says that, during

the meeting, Donna McCall, HHSC's Regional Director of Imaging, characterized Bartolotti as "asking too many questions," "paying too much attention to detail," and "not working [independently] enough." Id. According to Bartolotti, she asked McCall for specific examples of her concerns, but McCall provided none. See id.

Bartolotti alleges that, after her evaluation, she was subjected to scrutiny and hostility that other new employees did not experience, even though they made serious medical mistakes. See id.

On May 16, 2014, one day before the end of her probationary period as a new employee, HHSC terminated Bartolotti. See ECF No. 27, PageID # 103.

On June 2, 2014, Bartolotti filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Hawaii Civil Rights Commission ("HCRC"), alleging that she had been discriminated against because of her disability in violation of the Americans with Disabilities Act ("ADA"). See ECF No. 19-4, PageID # 71. The EEOC issued a right-to-sue letter on September 19, 2014. See ECF No. 1, PageID #s 5-6.

On December 8, 2014, Bartolotti commenced the present lawsuit, alleging that her termination violated the ADA.[1] See

---

[1] Although the Complaint also asserts a violation of Title VII of the Civil Rights Act of 1964, Bartolotti clarified at the hearing on July 21, 2015, that she was claiming

3

id., PageID # 2. The Complaint requests "such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees." Id., PageID # 4.

HHSC moves to dismiss Bartolotti's Complaint, contending that HHSC is entitled to relief under Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure, and relying primarily on what it says is its immunity from suit under the Eleventh Amendment. See ECF No. 19, PageID # 59.

At the hearing on July 21, 2015, Bartolotti stated that she is seeking back pay and injunctive relief in the form of an order prohibiting HHSC from discriminating against others. This court explained to Bartolotti that she lacked standing to litigate the interests of others.

**III.    STANDARD UNDER RULE 12(b)(1).**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a court to dismiss claims over which it lacks subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

The Ninth Circuit has called Eleventh Amendment immunity "quasi-jurisdictional." Bliemeister v. Bliemeister (In

---

discrimination on the basis of disability only, and was therefore not proceeding under Title VII.

4

re Bliemeister), 296 F.3d 858, 861 (9th Cir. 2002). Under Bliemeister, Eleventh Amendment immunity "may be forfeited where the state fails to assert it and therefore may be viewed as an affirmative defense." Id. Subsequent to Bliemeister, the Ninth Circuit has tacitly approved of applying Rule 12(b)(1) of the Federal Rules of Civil Procedure to a claim of Eleventh Amendment immunity. See Savage, 343 F.3d at 1039-40 (reviewing denial of Rule 12(b)(1) motion to dismiss based on Eleventh Amendment immunity).

Eleventh Amendment immunity "deprives federal courts of any jurisdiction" to entertain claims against states absent a state's consent or congressional abrogation of state immunity. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 n.8 (1984). At the same time, the Ninth Circuit has noted that Eleventh Amendment immunity "'does not implicate a federal court's subject matter jurisdiction in any ordinary sense' and that it 'should be treated as an affirmative defense.'" Tritchler v. County of Lake, 358 F.3d 1150, 1153-54 (9th Cir. 2004) (quoting ITSI TV Prods., Inc. v. Agric. Ass'ns, 3 F.3d 1289, 1291 (9th Cir. 1993)).

HHSC alternatively moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), a civil action may be dismissed based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal

theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

This court's practice is to address jurisdictional challenges first, and to review Rule 12(b)(6) matters only if it determines that it has subject matter jurisdiction. In this case, the court's analysis begins and ends with the jurisdictional issue. This court, faced with a jurisdictional challenge based on the allegations of the Complaint, without reliance on disputed factual material outside the Complaint, accepts as true the material factual allegations in the Complaint, and construes those facts in the light most favorable to the nonmoving party. See Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013) ("Whether we construe Defendants' motion [to dismiss] as one under Rule 12(b)(6) or as a facial attack on subject matter jurisdiction under Rule 12(b)(1), all factual allegations in [the] complaint are taken as true and all reasonable inferences are drawn in his favor.").

**IV.     ANALYSIS.**

   **A.   Requests for Judicial Notice.**

As a preliminary matter, the court addresses (1) Bartolotti's request for judicial notice of a Maui Memorial News Release dated August 28, 2012, see ECF No. 27-1, PageID # 102, and (2) HHSC's request for judicial notice of its Annual Report

from January 20, 2015, and Bartolotti's Charge of Discrimination filed with the EEOC and HCRC, see ECF No. 19-1, PageID # 60.

The court may "take judicial notice of 'matters of public record[,]'" as long as the facts noticed are not "subject to reasonable dispute." Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007). However, the court may not take judicial notice of a matter of public record in order to consider "the truth of the facts recited therein." See id. at 690. The court may only take judicial notice of the existence of the matter. See id. (citing S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)).

Matters of public record that may be judicially noticed include records and reports of administrative bodies, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), and documents filed with courts, "both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." United States v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). The court may also take judicial notice of records of government agencies. See Dent v. Holder, 627 F.3d 365, 371-72 (9th Cir. 2010) (taking judicial notice of agency records).

The court takes judicial notice of the Maui Memorial News Release dated August 28, 2012, as requested by Bartolotti.

7

It appears to be a public document, see ECF No. 27-2, and HHSC has not objected. See ECF No. 28, PageID # 118 n.2.

The HHSC Annual Report from January 20, 2015, submitted to the Hawaii State Legislature, also appears to be a public document. See ECF No. 19-3, PageID #s 69-70. Bartolotti has not objected to HHSC's request that it be judicially noticed. Accordingly, the request is granted and the court takes judicial notice of HHSC's Annual Report.

The court also takes judicial notice of Bartolotti's Charge of Discrimination. See ECF No. 19-4, PageID # 71. It is a government record and Bartolotti has not objected to HHSC's request.

> **B. HHSC is Entitled to Immunity From Suit Under the Eleventh Amendment With Respect to Bartolotti's ADA Claim.**

Under the Eleventh Amendment, state agencies are immune from private suits for money damages brought in federal court. See, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1040 (9th Cir. 2003).

A governmental entity is entitled to invoke the Eleventh Amendment immunity defense when that entity is an "arm of the state." See Del Campo v. Kennedy, 517 F.3d 1070, 1076 (9th Cir. 2008). The Ninth Circuit has adopted a five-factor test, originally outlined in Mitchell v. Los Angeles Community

8

College District, 861 F.2d 198 (9th Cir. 1989), to determine whether a governmental entity is an arm of the state. See Savage, 343 F.3d at 1040-41 (citing Mitchell, 861 F.2d at 201. The Mitchell factors are: "(1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central governmental functions; (3) whether the entity may sue or be sued; (4) whether the entity has the power to take property in its own name or only in the name of the state; and (5) the corporate status of the entity." Id. (citing Mitchell, 861 F.2d at 201). "Whether a particular state agency . . . is an arm of the State . . . is a question of federal law," but that question "can be answered only after considering the provisions of state law that define the agency's character." Regents of the Univ. of Cal. v. Doe, 219 U.S. 425, 429 n.5 (1997).

HHSC was created by a Hawaii statute. See Haw. Rev. Stat. § 323F-2(a) ("There is established the Hawaii health systems corporation"). Section 323F of Hawaii Revised Statutes states that HHSC is entitled to invoke Eleventh Amendment immunity. HHSC, a "public body corporate and politic and an instrumentality and agency of the State," Haw. Rev. Stat. § 323F-2(a), "shall enjoy the same sovereign immunity available to the State," id. § 323F-7(c)(11).

HHSC also satisfies many of the Mitchell factors. First, any money judgment granted in favor of Bartolotti would be

9

satisfied out of State funds, as shown by the Hawaii Legislature's prior appropriations to satisfy money judgments against HHSC.  See, e.g., Claims Against State - Emergency Appropriations, 2012 Haw. Sess. Laws 14 (Act 8); Act of June 29, 2004, 2004 Haw. Sess. Laws 626-27 (Act 149).  The Hawaii Legislature also provides appropriations for HHSC's general operations.  See, e.g., Hawaii Health Systems Corporation - Emergency Appropriation, 2014 Haw. Sess. Laws 197 (Act 79); Hawaii Health Systems Corporation - Primary Care Training Program, 2013 Haw. Sess. Laws 806 (Act 271); Emergency Appropriation - Hawaii Health Systems Corporation, 2007 Hawaii Sess. Laws 30 (Act 17).

Second, HHSC is engaged in the performance of a central governmental function.  HHSC plans, operates, manages, and controls the State's "system of public health facilities and services."  Haw. Rev. Stat. § 323F-7(c)(1).

Third, HHSC has the capacity to sue and be sued.  HHSC has brought both state and federal actions.  See, e.g., Haw. Health Sys. Corp. v. Machida, 2RC11-1-001224 (Haw. Cir. Ct. June 2, 2011) (bringing assumpsit action);[2] Requarth v. Haw. Health Sys. Corp., 1:01-CV-00392 SOM-BMK (D. Haw. Dec. 3, 2001), ECF No. 1 (bringing cross-claim against physician in medical malpractice

---

[2] Hawaii State Judiciary Ho`ohiki, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (follow "Enter" hyperlink; then search "Case ID" for "2RC11-1-001224").

action).  HHSC has also been named as a defendant in both state and federal actions.  See, e.g., Garcia v. Haw. Health Sys. Corp., 1:14-CV-00044 LEK-KSC, 2014 WL 3672119, at *1 (D. Haw. July 23, 2014) (HHSC sued in employment discrimination action); Wheeler v. Hilo Med. Ctr., 1:09-CV-00533 JMS-KSC, 2010 WL 1711993, at *1 (D. Haw. Apr. 27, 2010) (HHSC sued in medical malpractice action).

HHSC's satisfaction of three of the Mitchell factors permits this court to conclude that HHSC, as an arm of the State, is entitled to Eleventh Amendment immunity.  See Holz v. Nenana City Pub. Sch. Dist., 347 F.3d 1176, 1179 (9th Cir. 2003) (determining that school district was arm of state when two Mitchell factors weighed in favor of such finding and three Mitchell factors weighed against such finding).  This conclusion is consistent with other cases in this district.  See Garcia, 2014 WL 3672119 at *3; Wheeler, 2010 WL 1711993 at *5.

Bartolotti cites Cook County v. United States ex rel. Chandler, 538 U.S. 119 (2003), and Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765 (2000), for the proposition that HHSC is not entitled to Eleventh Amendment immunity.  See ECF No. 27-1, PageID #s 103-04.  Neither case is apposite.  Chandler concerned a suit against a local government, rather than a state agency, and the ruling in Stevens was not based on Eleventh Amendment immunity.

11

Bartolotti also appears to argue that HHSC has waived its immunity by (1) participating in a Rule 16 Scheduling Conference on March 9, 2015, before Magistrate Judge Kevin S.C. Chang, (2) participating in a planning meeting held via telephone on March 17, 2015, (3) filing Initial Disclosures, and (4) engaging in discovery planning. See ECF No. 27-1, PageID # 104.

HHSC's participation in such preliminary matters is not an "unequivocal indication" that it consents to suit in federal court. See Pennhurst, 465 U.S. at 99 (state may waive immunity only by giving unequivocal indication that it consents to suit in federal court); see also Demshki, 255 F.3d at 989 ("Federal courts find a waiver if the state makes a 'clear declaration that it intends to submit itself to federal jurisdiction.'"). "[A] state does not waive Eleventh Amendment immunity merely by defending in federal court." Id. The actions Bartolotti cites are representative of compliance with routine procedural requirements involved in defending against a lawsuit in this court. They are not a clear declaration of submission to federal jurisdiction.

Because HHSC is an arm of the State and has not waived its immunity with respect to the kind of claim Bartolotti brings, Bartolotti's claim seeking damages under the ADA is barred by Eleventh Amendment immunity.

### C. Bartolotti Lacks Standing to Pursue Injunctive Relief on Behalf of Other Employees of HHSC.

At the hearing on this motion, Bartolotti indicated that the injunctive relief she is seeking is an order requiring HHSC to conduct an evaluation of their employment practices, so that other employees do not suffer the type of discrimination she has allegedly suffered. Bartolotti lacks standing to pursue such relief. See Jinadasa v. Brigham Young Univ.-Haw., 1:14-CV-00441 SOM/BMK, 2015 WL 3407832, at *8 (D. Haw. May 27, 2015) (finding that employee lacked standing to seek a permanent injunction on behalf of other employees).

### V.  CONCLUSION.

Bartolotti's Complaint is dismissed without prejudice. Because the jurisdictional bar cannot be cured with respect to HHSC, leave to amend is not granted. The court leaves it to Bartolotti to determine whether she may proceed against HHSC in another court or against different parties in this court, and whether any such claims have been timely administratively exhausted. The Clerk of Court is directed to enter judgment and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 28, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Bartolotti v. Maui Memorial Medical Center, Civ. No. 14-00549 SOM/KSC; ORDER GRANTING MOTION TO DISMISS